M.D. SCULLY (SBN: 135853)
MSCULLY@GORDONREES.COM
ALLISON F. BORTS (SBN: 197895)
ABORTS@GORDONREES.COM
JUSTIN D. LEWIS (SBN: 239686)
JLEWIS@GORDONREES.COM
GORDON & REES, L.L.P.
101 W. Broadway, suite 2000
San Diego, California 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL STANDARD FINANCE, LLC, *et al.*,<br><br>Plaintiffs<br><br>v.<br><br>PHYSICIANS HOSPITAL OF DESERT CITIES, LLC., *et al.*,<br><br>Defendants. | CASE NO. 13-cv-10-DTB<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT** |

Defendants Physicians Hospital of Desert Cities, L.L.C. ("PHDC"), Desert Cities Health Development Group, L.L.C. ("Development LLC"), Desert Cities Health Management Group, L.L.C. ("Management LLC"), Gary Annunziata, Puneet Khanna, and Carlos Lopez (together, "Defendants") hereby answer the second amended complaint of plaintiffs National Standard Finance, L.L.C. ("NSF"), and Winners Development Group 5, L.L.C. ("Group 5"), in this matter as follows:

**RESPONSES TO ALLEGATIONS**

1. Defendants lack knowledge or information sufficient to admit or deny this allegation.

2. Defendants lack knowledge or information sufficient to admit or deny

this allegation.

3. Deny that the entities are currently doing business; otherwise, admit.

4. Admit.

5. Defendants lack knowledge or information sufficient to admit or deny this allegation.

6. Defendants lack knowledge or information sufficient to admit or deny this allegation.

7. Deny that Defendants are attempting to develop a hospital.

8. Admit that $75,000 of the fee was paid; deny the remainder. The NSF document is not an enforceable contract.

9. Admit that PHDC and Group 5 entered a contract; deny the remainder of this allegation.

10. Admit that PHDC and Group 5 entered a contract; deny the remainder of this allegation.

11. Deny.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Deny that the property is located in Thousand Palms.

17. Deny.

18. Admit that Dr. Annunziata was introduced to Ploszaj, who represented that he held extensive experience; Defendants lack knowledge or information sufficient to admit or deny the remainder of this allegation.

19. Admit that there were discussions between Group 5 and Defendants; Defendants lack knowledge or information sufficient to admit or deny the remainder of this allegation.

20. Deny.

**Gordon & Rees LLP**
101 West Broadway, Suite 2000
San Diego, CA 92101

21. Admit that PHDC and Group 5 entered a contract; Defendants lack knowledge or information sufficient to admit or deny the remainder of this allegation.

22. Deny as to alleged representations; Defendants lack knowledge or information sufficient to admit or deny the remainder of this allegation.

23. Admit that PHDC and Group 5 entered a contract attached as Exhibit A; deny the remainder of this allegation.

24. Admit that PHDC and Group 5 entered a contract and that the contract provided for the provision of services to PHDC; deny the remainder of this allegation.

25. Admit that the Group 5 agreement contains the quoted language; deny the remainder.

26. Admit that the Group 5 agreement contains the quoted language.

27. Admit that PHDC and Group 5 entered a contract and that the contract provided for the provision of services to PHDC; deny the remainder of this allegation.

28. Admit that the Group 5 agreement discusses the payment of several fees; deny that Group 5 is entitled to any such fees.

29. Admit that the Group 5 agreement contains the quoted language; otherwise, deny.

30. Admit that the Group 5 agreement contains the quoted language; otherwise, deny.

31. Defendants lack knowledge or information sufficient to admit or deny this allegation.

32. Deny.

33. Deny.

34. Admit that Exhibit B is a document provided to PHDC by NSF which pertains to financing the project; deny the remainder of this allegation. The NSF

document is not an enforceable contract.

35. Deny. The NSF document is not an enforceable contract.

36. Deny.

37. Deny that NSF is owed anything; Defendants lack knowledge or information sufficient to admit or deny the remainder of this allegation.

38. Admit that Defendants have no intention of paying NSF anything further because the NSF document is not an enforceable contract; deny the remainder of the allegation.

39. Deny.

40. Deny.

41. Admit that the document referenced includes the quoted text; deny the remainder.

42. Admit that the document referenced includes the quoted text; deny the remainder.

43. Deny.

44. Defendants lack knowledge or information sufficient to admit or deny this allegation.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Defendants lack knowledge or information sufficient to admit or deny this allegation concerning any enactment entitled "Affordable Health Care Law."

51. Deny.

52. Admit that Management LLC and Development LLC were organized in 2011; deny the remainder.

53. Deny.

-4-

CASE NO. 13-cv-10-DTB
**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

      a.      Admit that Ms. Jacobs so advised.

      b.      Admit that Ms. Jacobs so advised.

      c.      Admit that Ms. Jacobs so advised.

      d.      Admit that Ms. Jacobs so advised.

      e.      Admit that Ms. Jacobs so advised.

      f.      Admit that Ms. Jacobs so advised.

      g.      Admit that Dr. Annunziata so advised.

      h.      Admit.

      i.      Admit.

      j.      Deny.

      k.      Deny.

54.      Deny.

55.      Deny.

56.      Deny.

57.      Deny.

58.      Deny.

59.      Admit that members were offered interests in Management LLC at a lowered rate and that this involved transferring interests in PHDC; deny the remainder.

60.      Deny.

61.      Deny.

62.      Deny.

63.      Deny.

64.      Deny that Group 5 engaged in extraordinary services, created financing structures, secured credit or a financing commitment. Defendants lack knowledge or information sufficient to admit or deny the remainder of this allegation.

65.      Defendants lack knowledge or information sufficient to admit or deny

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

1 this allegation.

2     66. Deny that any effort of Group 5 resulted in a letter of intent. Admit that the letter contained the quoted language.

4     67. Admit that the letter contained the quoted language.

5     68. Admit.

6     69. Admit that Defendants did not breach the Group 5 agreement. Deny that there was a good, cooperative working relationship.

8     70. Defendants lack knowledge or information sufficient to admit or deny this allegation with respect to the date; otherwise, admit.

10     71. Deny.

11     72. Deny.

12     73. Defendants lack knowledge or information sufficient to admit or deny this allegation.

14     74. Defendants lack knowledge or information sufficient to admit or deny this allegation.

16     75. Deny.

17     76. Deny.

18     77. Deny that Group 5's efforts resulted in the RBC document; admit that Dr. Annunziata received the RBC document referenced. Defendants lack knowledge or information sufficient to admit or deny the remainder.

21     78. Deny.

22     79. Deny.

23     80. Deny.

24     81. Deny.

25     82. Defendants lack knowledge or information sufficient to admit or deny this allegation.

27     83. Defendants lack knowledge or information sufficient to admit or deny this allegation.

84. Defendants lack knowledge or information sufficient to admit or deny this allegation.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. Deny.

91. Deny.

92. Deny.

93. Deny.

94. Deny.

95. Admit that Jerry Brown advised Justin Kolb to await "further instruction" before communicating further with UCSD; otherwise, deny.

96. Deny.

97. Defendants lack knowledge or information sufficient to admit or deny this allegation.

98. Defendants lack knowledge or information sufficient to admit or deny this allegation.

99. Deny.

100. Deny.

101. Deny.

102. Deny.

103. Deny.

104. Deny.

105. Admit that the document contains the quoted language; otherwise, deny.

106. Deny.

-7-

CASE NO. 13-cv-10-DTB
**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

107. Deny.

108. Deny.

109. Deny.

110. Defendants incorporate their answers to all previous allegations.

111. Admit that the document contains the quoted language; otherwise, deny.

112. Admit that the document contains the quoted language; otherwise, deny.

113. Deny.

114. Admit that PHDC paid $75,000; otherwise, deny.

115. Deny.

116. Deny.

117. Deny.

118. Deny.

119. Defendants incorporate their answers to all previous allegations.

120. Deny.

121. Deny.

122. Deny.

123. Deny.

124. Deny.

125. Deny.

126. Deny.

127. Defendants incorporate their answers to all previous allegations.

128. Admit that the Group 5 agreement contained an implied covenant of good faith and fair dealing; otherwise, deny.

129. Deny.

130. Deny.

131. Deny.

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

1    132.   Defendants incorporate their answers to all previous allegations.

2    133.   Admit that Dr. Annunziata attended a meeting at the location described. Defendants lack knowledge or information sufficient to admit or deny the remainder of this allegation.

134.   Deny.

135.   Defendants admit that a hospital project was discussed. Defendant lack knowledge or information sufficient to admit or deny the remainder of this allegation.

136.   Deny.

137.   Deny.

138.   Deny.

139.   Defendants admit that a meeting concerning the hospital project took place at the location described. Defendants lack knowledge or information sufficient to admit or deny the remainder.

140.   Deny.

141.   Deny.

142.   Admit except as to "virtually identical representation"; otherwise, deny.

143.   Deny.

144.   Deny.

145.   Deny.

146.   Deny.

147.   Deny.

148.   Deny.

149.   Defendants incorporate their answers to all previous allegations.

150.   Deny.

151.   Deny.

Defendants hereby deny that plaintiffs are entitled to damages or other any

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

form of relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Impossibility of Purpose

As a separate and affirmative defense to the first, second, and third causes of action, Defendants allege that the contracts alleged in the second amended complaint were impossible for Defendants to perform at the time Defendants were allegedly bound to have performed them in that the hospital development project in dispute was unsuccessful for reasons outside Defendants' control.

### Second Affirmative Defense – Failure of Consideration

As a separate and affirmative defense to the first cause of action, Defendants allege that the alleged contract was executed without any consideration whatsoever in that it imposes no binding obligation on NSF, which enjoyed unfettered discretion to back out of the dealings for any reason whatsoever.

### Third Affirmative Defense – Waiver of Breach

As a separate and affirmative defense to the second and third causes of action, Defendants allege that Group 5 had full knowledge of Defendants' alleged breaches of the Group 5 agreement, and that Group 5 waived any right to performance in that Group 5 elected to treat the agreement as still alive, viable, and binding, and still regards the agreement as such to this day.

### Fourth Affirmative Defense – Payment of Obligation

As a separate and affirmative defense to the first cause of action, Defendants allege that, to the extent the NSF document is a binding agreement, the sole applicable obligation set forth in the NSF document was fully discharged by payment to plaintiff in the sum of $75,000, which was the full amount due and was accepted by plaintiff in full payment of the obligation.

### Fifth Affirmative Defense – Inapplicability of Alter Ego Doctrine

As a separate and affirmative defense to the first, second, and third causes of action, Defendants allege that equity forbids the application of the "alter ego"

doctrine to impose liability on any other party for the alleged breaches of PHDC's alleged contracts with plaintiffs.

**Sixth Affirmative Defense – Waiver of Misrepresentation Claims**

As a separate and affirmative defense to the fourth and fifth causes of action, Defendants allege that Group 5 waived any claim for damages for the alleged misrepresentations because Group 5 ratified its agreement with PHDC after it learned of the alleged falsity of the alleged representations in dispute. In fact, Group 5 maintains that the agreement remains in force even to this day. Group 5's ratification of its agreement with PHDC was manifestly inconsistent with any intent to enforce a claim of negligent or intentional misrepresentation against Defendants.

**Seventh Affirmative Defense -- Other Defenses Revealed By Discovery**

Plaintiffs failed to describe the causes of action in the second amended complaint with sufficient particularity to enable Defendants to determine all of their legal, contractual, and equitable defenses. As such, Defendants reserve the right to amend or supplement the averments of their answer and affirmative defenses to assert any and all pertinent defenses ascertained through investigation and discovery in this action.

//
//
//
//
//
//
//
//
//
//

# PRAYER

Wherefore, Defendants pray for judgment against plaintiffs as follows:

1. That plaintiffs takes nothing by way of this action;
2. For the costs of suit incurred herein;
3. For attorney fees as permitted by contract; and
4. For such other and further relief as the Court deems just and proper.

# JURY DEMAND

Defendants hereby demand trial by jury.

Dated: January 3, 2014            GORDON & REES, L.L.P.


By: */s/ Justin D. Lewis*
M.D. Scully
Allison F. Borts
Justin D. Lewis
Attorneys for Defendants

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

1085957/17958443v.1

-12-

CASE NO. 13-cv-10-DTB
DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT